In the Matter of the Estate of EMMA N. RUPP, Deceased.

Surrogate's Court, Erie County, December 14, 1934.

*Charles F. Boine*, for the State Tax Commission, appellant.

*Fred C. Maloney* [*John F. Dwyer* of counsel], for the executor.

HART, S. This case comes on under an appeal taken by the Tax Commission of the State of New York from the order of this court, entered May 29, 1934, determining the estate tax on the estate of this decedent, on the ground that an exemption was granted therein on account of certain assets identified as coming from the estate of Frederick C. Rupp, who died within five years of this decedent, and upon whose estate a Federal estate tax was assessed and· paid.

The facts are as follows: Frederick C. Rupp, a resident of the city of Buffalo, died December 17, 1932, leaving property appraised for tax purposes at $76,554.79, on which a State estate tax and a Federal estate tax were assessed and paid. His entire estate was devised and bequeathed under his will to his mother, Emma N. Rupp, this decedent. The Federal Estate Tax Law under which the estate of Frederick C. Rupp was taxed was the Additional Estate Tax Law of 1932, effective June 1, 1932, which amended the Federal Estate Tax Law of 1926, and which levied a tax on estates exceeding $50,000 instead of those exceeding $100,000, which were subject to tax under the Federal Estate Tax Law of 1926.

Emma N. Rupp died a resident of the city of Buffalo on June 12, 1933, and left property appraised for tax purposes at $87,127.61, including property identified as having come to her from the estate of Frederick C. Rupp, deceased, of the appraised value of $70,414.75, which was deducted by the transfer tax appraiser in his report to the surrogate, leaving a taxable net estate of $16,711.86.

It is contended by the Tax Commission that this deduction of $70,414.75 was not proper under subdivision 2 of section 249-s of the Tax Law of the State of New York which was in effect at the date of the death of Emma N. Rupp.

Subdivision 2, cited above, provides that an amount equal to the value of any property forming a part of the gross estate of any person who died within five years prior to the death of the decedent, when such property can be identified as having been

received from such prior estate by inheritance or bequest, shall be deducted for tax purposes, but such deduction shall be allowed only where an estate tax, imposed under the United States Revenue Act of 1926 or any prior act of Congress, was paid by or on behalf of the estate of such prior decedent.

I find that no estate tax, imposed under the United States Revenue Act of 1926 or any prior act of Congress, was paid by or on behalf of the estate of Frederick C. Rupp, deceased, and, therefore, no deduction should be allowed in the estate of Emma N. Rupp, deceased, on account of property previously taxed, and that the order assessing tax in the estate of Emma N. Rupp, deceased, should be amended by including therein for the purposes of the estate tax, the sum of $70,415.75.

An order may enter accordingly.