In the Matter of the Estate of LILLIE L. HILGENBERG, Deceased.

Surrogate's Court, Kings County, December 21, 1936.

*Vollmer & Wildermuth [George C. Wildermuth* and *Robert J. Dixson* of counsel], for Marguerite A. Conner, as executrix, appellant.

*Harry M. Peyser,* for the State Tax Commission, respondent.

WINGATE, S. The keynote of the thesis of the present appellant is struck on page 12 of the brief submitted on her behalf where the statement is made that the United States Revenue Act of 1926 (44 U. S. Stat. at Large, 69), " had been superseded and amended by the Revenue Act of 1932 (47 U. S. Stat. at Large, 243)."

So far as tax payments are concerned, and these alone are of present moment, this is plainly and flatly incorrect as is conclusively demonstrated by the opening words of section 401 of the Revenue Act of 1932 (47 U. S. Stat. at Large, 243; U. S. Code, tit. 26, § 535), which expressly states: " *In addition* to the estate tax imposed by section 301 (a) of the Revenue Act of 1926, there is hereby imposed," etc. (Italics not in original.) It follows that the estates of decedents dying subsequent to the effective date of the 1932 statute are potentially taxable under both acts.

Whether or not this potentiality will eventuate into actuality in respect to any given estate will depend wholly on the particular pertinent facts existent therein. Since under the 1926 act a specific exemption of $100,000 was allowed (Act of 1926 [44 U. S. Stat. at Large, 69], § 303, subd. [a], ¶ [4]; U. S. Code, tit. 26, § 412, subd. [a]), whereas under the act of 1932 this was reduced to $50,000 and later to $40,000, it is obvious that an estate may, as a practical matter, be compelled to pay a Federal tax under the 1932 act but not under that of 1926. It is, however, subject to tax under both statutes, and the only reason of avoidance of a tax under the 1926 act in such a situation is by reason of the fact that the computations made pursuant to that act result in no tax being payable.

Under subdivision 2, clause (b), of section 249-s of the New York Tax Law, a deduction in computing the net estate is permitted in respect to identifiable property received by the decedent within five years, provided and on the express condition, that " This deduction shall be allowed only where  *  *  *  an estate tax imposed under the United States revenue act of nineteen hundred twenty-six  *  *  *  was finally determined and paid by or on behalf of  *  *  *  the estate of such prior decedent."

As this court pointed out in *Matter of Suderov* (156 Misc. 661, 666; affd., 249 App. Div. 763), " The enactments [contained in the Estate Tax Law] constitute a somewhat arbitrary basis for the fixation of tax upon decedent devolution. The inclusions and exclusions should consequently be taken as written."

In the present instance there is considerable logical basis for the New York statutory provision for exemption from tax where an impost under the Revenue Law of 1926 has been paid which is absent if a tax only under that of 1932 has been exacted, in the fact that in the former case the eighty per cent provision of the law would be applicable (Act of 1926 [44 U. S. Stat. at Large, 70], § 301, subd. [b]; U. S. Code, tit. 26, § 413, subd. [b]), for which there is no parallel in the 1932 act (Act of 1932 [47 U. S. Stat. at Large, 245], § 402, subd. [a]; U. S. Code, tit. 26, § 536, subd. [a]).

Irrespective of the presence or absence of logical considerations, however, the statute is unambiguous and is to be applied as written. Since the present appellant does not come within the terms of the law permitting a deduction on this account, the action of the appraiser in refusing it was correct. (*Matter of Rupp*, HART, S., 153 Misc. 731; *Matter of Arons*, DELEHANTY, S., 161 id. 523.) The appeal from the *pro forma* order is accordingly determined adversely to the appellant.

Enter order on notice in conformity herewith.